UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEFAN BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:24-cv-01216-CAB-JLB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF No. 7]** |
|---|---|

On July 16, 2024, Plaintiff Stefan Bradley sued Defendants City of San Diego and San Diego Police Department Officer Doe under 42 U.S.C. § 1983 for allegedly violating his right to freedom of movement, right to freedom from unreasonable seizure, and right to be free from the use of excessive force, all purportedly arising under the Fourth Amendment. Additionally, Plaintiff brings state law claims for negligence, assault, battery, and violation of California's Bane Act. Defendants filed a motion to dismiss the four state law causes of action pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 7.] At this juncture, Defendants have not challenged Plaintiff's Section 1983 claim. The Court **DENIES** Defendants' motion to dismiss.

**I.    BACKGROUND**

Plaintiff alleges that on July 31, 2023, while riding his "pit bike" in his neighborhood, Defendant Officer Doe bumped him from behind with his police

motorcycle. [Compl. ¶¶ 12–14.] Plaintiff complains that he did not hear a siren or any commands from Officer Doe. [*Id.* at ¶ 16.] Nor did he see any flashing lights. [*Id.*] Plaintiff claims he was confused, scared, and attempted to distance himself from Officer Doe before the officer rear ended him. [*Id.* at ¶¶ 18–19.] Officer Doe allegedly caused Plaintiff to fall off his bike and sustain injuries. [*Id.* at 20.] Then, Plaintiff claims that Officer Doe arrested and handcuffed him until another police officer arrived and uncuffed him. [*Id.* at ¶¶ 23–24.]

On January 18, 2024, Plaintiff timely mailed a tort claim pursuant to the California Tort Claims Act ("CTCA") [1] to the City of San Diego. [*Id.* at ¶ 7.] The City allegedly acknowledged receipt of the claim on February 2, 2024. [*Id.*] On April 9, 2024, the Claims Division allegedly rejected Plaintiff's claim, after which Plaintiff brought this suit against Defendants. [*Id.*]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068,

---

[1] Plaintiff refers to the relevant statute—Cal. Gov't Code §§ 810–978.8—as the "California Tort Claims Act" while Defendants refer to it as the "Government Claims Act." Both are used by courts, *see Dominguez v. Abraham*, No. 20-CV-09416-EMC, 2021 WL 10716858 (N.D. Cal. Mar. 31, 2021) (citing *City of Stockton v. Sup. Ct.*, 42 Cal. 4th 730, 741–42 (cal. 2007). The Court elects to refer to it as the California Tort Claims Act ("CTCA").

1072 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III.   DISCUSSION

Defendants argue that Plaintiff's letter to the City of San Diego did not satisfy the notice requirements of the CTCA for his state law claims. Further, they assert that Plaintiff's Bane Act claim is insufficiently pled, and his negligence claim is "not sustainable as a matter of law" because the City allegedly cannot be held liable for general negligence. [ECF No. 7, 2–3.]

### A.   California Tort Claims Act

#### i.   Incorporation-by-Reference

Plaintiff states in his complaint that he "mailed a timely tort claim pursuant to the [CTCA] . . . against the City of San Diego" and that "the City acknowledged receipt of the claim." [Compl. ¶ 7.] Plaintiff did not attach a copy of his letter to the complaint. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)," however, the incorporation-by-reference doctrine permits the Court to treat "certain documents as though they are part of the complaint itself. . . . if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (internal quotation marks omitted). Defendants provided a

copy of Plaintiff's letter as an exhibit in their motion to dismiss. [ECF No. 7, Ex. 1.] Plaintiff does not contest the authenticity of the copy of the letter. As Plaintiff refers to and relies on the claim letter in his complaint, the Court finds it proper to incorporate the letter into the pleadings by reference.

### ii. Plaintiff's Claim Letter

Under the CTCA, before one can sue a California government entity or employee for damages, he must timely present his claim to the entity, which then must reject it in whole or part. *See, e.g.*, *Portillo v. City of Nat'l City*, No. 20-CV-2429 W (MDD), 2022 WL 1004238, at *3 (S.D. Cal. Apr. 4, 2022); *see also* Cal. Gov't Code § 945.4. The claimant must state the date, place, circumstances of the claim, name of any employees responsible if known, and a general description of the injury, damage, or loss as is known at the time the claim is presented to the entity. *See* Cal. Gov't Code § 910; *see also Sanders v. City of Fresno*, No. CIVA 05-0469 AWISMS, 2006 WL 1883394, at *5 (E.D. Cal. July 7, 2006). These requirements are intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Ct.*, 525 P.2d 701, 706 (Cal. 1974). "Although federal courts do not have jurisdiction over the underlying petitions, it is proper for federal courts to determine whether a plaintiff bringing tort claims against a public entity has complied with the [C]TCA." *Acevedo v. City of Farmersville*, No. 1:18-cv-01747-LJO-SAB, 2019 WL 3003996, at *6 (E.D. Cal. July 10, 2019) (citing *United States v. State of Cal.*, 655 F.2d 914, 918–19, n.3 (9th Cir. 1980)).

Plaintiff's letter was titled "Claim for Damages Against City of San Diego for Torts and Constitutional Violations Occurring on or about July 31, 2023." [ECF No. 7, Ex. 1, 2.] Plaintiff's description of the event within the letter was as follows:

> On or about July 31, 2023, an officer with the San Diego Police Department (SDPD) used excessive force against [Plaintiff] and arrested him. The officers [sic] conduct caused [Plaintiff] to suffer injuries, including mental anguish. [Plaintiff[ was riding his bike near the Carmel Mountain Ranch Library when an officer came up beside him on his police motorcycle. The officer did not have

    lights and sirens on, nor did [Plaintiff] hear him tell him to stop. The officer then hit [Plaintiff] with his motorcycle.

[*Id.* at 3.] Moreover, Plaintiff noted his damages exceeded $25,000 and that he did not know the identities of the responsible officers and dispatcher involved, but that the investigation was ongoing. [*Id.*]

    Defendants challenge Plaintiff's letter on grounds that it did not satisfy the requirements of the CTCA because "[t]he only cause of action named by Plaintiff in his Claim Letter to the City that is also included in his [complaint] is excessive force" and the letter "does not otherwise describe the causes of action pled in his [complaint]: the Bane Act, Negligence, Assault, and Battery." [ECF No. 7, 4–5.] In other words, Plaintiff did not provide "sufficient information to enable [Defendants] to adequately investigate all claims except for the one for excessive force." [*Id.* at 5.]

    The CTCA, however, does not require Plaintiff "to specify each cause of action he intends to assert; rather, it requires only that 'each cause of action . . . be[] *reflected* in a timely claim.'" *Carr v. Cnty. of San Diego*, No. 19-CV-1139 JLS (MDD), 2020 WL 1046874, at *4 (S.D. Cal. Mar. 4, 2020) (alteration in original) (quoting *Nelson v. California*, 139 Cal. App. 3d 72, 79 (1982)). "Because the CTCA is designed to give a public entity 'notice sufficient for it to investigate and evaluate the claim . . . [it] need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done.'" *Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1216 (E.D. Cal. Mar. 19, 2010) (citing *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502 (Cal. 2004)).

    The caselaw makes clear that the propriety of notice depends on the facts alleged in the claim form. "A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts." *Stockett*, 99 P.3d at 503 (internal quotation marks omitted). "Only where there has been a 'complete shift in allegations, usually involving . . . acts or omissions committed at different times or by different persons than those described in the claim,' have courts

generally found the complaint barred." *Id.* (quoting *Blair v. Superior Ct.*, 218 Cal. App. 3d 221, 226 (Ct. App. 1990)). Indeed, "it is permissible to plead additional theories where the additional theories [are] based on the same factual foundation as those in the claim, and the claim provide[s] sufficient information to allow the public agency to conduct an investigation into the merits of the claim." *Carr*, 2020 WL 1046874, at *4 (alterations in original) (internal quotations mark omitted).

In *White v. Superior Court*, the plaintiff presented a claim against the City of San Francisco that alleged that a police officer brutally beat and falsely arrested plaintiff, which the city denied. 225 Cal. App. 3d 1505, 1507 (Ct. App. 1990). Plaintiff then sued in state court alleging causes of action for, *inter alia*, negligent hiring and failure to train. *Id.* Although the claim form made no allegation nor offered any facts pertaining to the training or hiring of the defendant officer, the court held it gave proper notice to defendants for those causes of action as "[p]laintiff did not shift the *fundamental facts* about her injury." *Id.* at 1511 (emphasis added).

Similarly, in *IDC v. City of Vallejo*, the plaintiff alleged on their claim form to the city that the police used excessive force against them. No. 2:13-CV-1987 DAD, 2013 WL 6670557, at *4 (E.D. Cal. Dec. 18, 2013). The plaintiff brought additional causes of action in his complaint, including for negligence and false arrest. *Id.* at 3. The city argued that since the plaintiff only described excessive force in the claim form, the additional causes of action that he alleged in the complaint required dismissal under the CTCA. *Id.* The court found that because the plaintiff's complaint was "predicated on the same fundamental actions or failures to act alleged against the defendants in the Government Tort Claim form," there was no violation of the CTCA and accordingly denied defendants' motion to dismiss the aforementioned causes of action. *Id.* at 4–5.

Here, the factual allegations in Plaintiff's complaint, though certainly provided in greater detail, are identical to those made in his claim letter. The core alleged facts—Officer Doe's failure to notify Plaintiff that he must stop, Officer Doe's striking of Plaintiff with his police motorcycle, and Plaintiff's arrest—did not change between claim and

complaint. That Plaintiff pleads additional theories of liability in his complaint relative to his claim letter does not bar those theories or causes of action under the CTCA. *See Acevedo*, 2019 WL 3003996, at *8 (finding plaintiff complied with CTCA in bringing intentional infliction of emotional distress ("IIED") cause of action, despite not describing any emotional or mental injuries in written claim to city, because IIED claim stemmed from "same core acts as Plaintiff's other causes of action, *i.e.*, the allegedly excessive force used").

Plaintiff adequately described the relevant time, date, claimed injuries, and circumstances in his claim letter to provide Defendants with fair notice to investigate whether Defendant Officer Doe used excessive force when he allegedly hit Plaintiff with his motorcycle before arresting him. The Court therefore finds that Plaintiff's state law causes of action alleged in the complaint comply with the CTCA given that they are based on the same facts he alleged in his claim letter, and that those facts in his letter "fairly describe[d] what [the] entity is alleged to have done." *Stockett*, 99 P.3d at 502.

**B.   Bane Act**

"The Bane Act provides a cause of action for interference 'by threats, intimidation, or coercion' or attempted interference, 'with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.'" *Muhammad v. Garrett*, 66 F. Supp. 3d 1287, 1295 (E.D. Cal. Dec. 11, 2014) (quoting Cal. Civ. Code § 52.1). To prove a Bane Act claim, plaintiff must demonstrate interference with a constitutional right accompanied by coercion. *Id.* (citing *Jones v. Kmart*, 17 Cal.4th 329, 334 (1998)).

Defendants argue that because Plaintiff allegedly did not name the constitutional right that Defendants interfered with in his complaint, his Bane Act claim should be dismissed. Plaintiff, however, indeed pled that Defendants interfered with, *inter alia*, his right to be free from unreasonable seizure and excessive force under the Fourth Amendment when Officer Doe allegedly hit him with his motorcycle and arrested him. [Compl. ¶ 48.]

Defendants additionally contend that nothing in the complaint shows that Officer Doe engaged in an act of coercion, made a threat, or committed any violence against Plaintiff so as to satisfy the interference prong of the Bane Act. Plaintiff, however, alleges that Officer Doe attempted to grab Plaintiff off his bike before rear ending him and causing him to fall and sustain injuries. Taking these allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot imagine that such conduct by Officer Doe could not plausibly constitute an intentional, coercive act. Moreover, Plaintiff is not required "to allege a showing of coercion independent from the coercion inherent in the seizure or use of force" when a "Fourth Amendment unreasonable seizure or excessive force[] claim[] [is] raised and intentional conduct is at issue." *Rodriguez v. Cnty. of Los Angeles*, 654 F. Supp. 3d 1029, 1052–53 (C.D. Cal. June 13, 2023) (quoting *Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 934 (E.D. Cal. Jan. 6, 2015)). Accordingly, the Court rejects Defendants' argument that Plaintiff insufficiently pled his Bane Act claim.

### C. Negligence

Defendants argue that the City of San Diego is immune from suits for general negligence because there is no statute providing liability. The Court disagrees. Pursuant to Section 815.2(a) of the California Government Code, "[a] public entity is liable for any injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." *See D.C. by & through Cabelka v. Cnty. of San Diego,* 445 F. Supp. 3d 869, 897 (S.D. Cal. 2020). Indeed, this District has previously recognized a negligence claim under Section 815.2(a) against a San Diego police officer. *Perez v. City of San Diego*, No. 3:22-cv-0712-BEN-AGS, 2022 WL 17541025, at *2–3 (S.D. Cal. Dec. 8, 2022).

### IV. CONCLUSION

The Court finds that (1) Plaintiff's state law claims satisfy the requirements of the CTCA, (2) Plaintiff has provided sufficient facts to state a Bane Act claim, and (3) Defendants are not immune from Plaintiff's negligence cause of action under the immunity

1  theory proffered.  As such, the Court **DENIES** Defendants' motion to dismiss.  [ECF No. 7.]

     It is **SO ORDERED**.

Dated:  January 2, 2025

                                                          Hon. Cathy Ann Bencivengo
United States District Judge